Judge Lochn
pronounced the opinion of the court.
This was a suit in chancery, brought by Donaldson, praying the rescission of a contract for the conveyance of land, upon the ground of fraud.
It is alledged that Donaldson, residing in the state of Tennessee, was applied to by Sublett, a resident of Green county in this state, to purchase from the former a tract of land lying in said county, containing by patent granted to John Donaldson, 1000 acres; of which he represented 163 acres would be saved from other claims; and agreed to give therefor $163; and a dollar an acre for so much of the residue of the tract as he should be able to secure. But that, in drawing the instrument of writing between them, the purchaser had inserted therein, that the conveyance was to be made for value received; although, in fact, no part thereof had been paid.
And understanding that Sublett, the purchaser, asserted ,right to the whole tract, for the consideration of $163 only; and that be even refuses payment of this sum, pretending that he had fully paid up the stipulated price, in part of a judgment which he had placed in the hands of the vendor for collection on a citizen of that state: when, in truth, he had refused to receive the judgment upon those terms; and the purchaser had, moreover, afterwards informed him by letter, that he had settled with the defendant for that judgment.
It is also charged, that the vrriting was fraudulently-drawn for a general instead of a special warranty, as now represented to the complainant, with a prayer that it may *172 be produced, and if found thus variant from the contract, that it maybe cancelled.
In responding to these allegations, the defendant states, that it was drawn agreeably to the contract; that the original was lost by accident; but that the writing produced is a true copy; that he purchased the whole tract for $163, to be paid out of the judgment he then held on Handley in the state of Tennessee, which Donaldson had undertaken to collect; and that he had left unsatisfied (hot much in the hands of Handley, for the purpose of paying Donaldson.
The court below, conceiving the transaction to be fraud-? ulent, decreed a rescission of the contract: and Sublett has brought the case before this court.
'The whole weight of testimony substantially supports the allegations in the bill, and negatives the correctness of the instrument produced, The defendant does not claim the benefit of the contract, as alledged by the complainant: he has paid nothing: he has tajeen no step towards the investigation of the claim for the complainant: he denies the contract, as it appears to have been made; and places it upon ground which renders it fraudulent from the evidence in the cause.
The court concurs, therefore, in the decree pronounced.
The decree must be affirmed with cost.